# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DOUGLAS A. McCLAIN,**

    **Petitioner,**

    v.                            **CASE NO. 2:13-CV-269**
                                    **JUDGE GEORGE C. SMITH**

**BENNIE KELLY,**                    **MAGISTRATE JUDGE KEMP**

    **Respondent.**

## OPINION AND ORDER

On January 15, 2014, the Magistrate Judge issued a *Report and Recommendation*, ECF# 17, recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and denying Petitioner's requests for an evidentiary hearing and discovery. Petitioner has filed *Objections*, ECF# 20, to the Magistrate Judge's *Report and Recommendation*. Petitioner objects solely to the Magistrate Judge's recommendations of dismissal of habeas corpus claims one, three, four, and six.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objections,* ECF# 20, are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Petitioner's requests for an evidentiary hearing and discovery are **DENIED.** This case hereby is **DISMISSED**.

The Court will first address Petitioner's objections to claim four, in which Petitioner asserts he was denied effective assistance of appellate counsel. Petitioner objects to the Magistrate Judge's recommendation of dismissal of this claim as procedurally defaulted based on his failure to establish good cause for his untimely Rule 26(B) application. Petitioner again

argues that, under *Martinez v. Ryan*, 132 S.Ct. 1309 (2011), he has established cause and prejudice for this procedural default.

The Supreme Court held in *Martinez* that where state collateral proceedings provide the first opportunity to raise a claim of ineffective assistance of trial counsel, the ineffective assistance of counsel may constitute cause for a procedural default. As discussed by Magistrate Judge, however, the Supreme Court narrowly limited its decision in *Martinez* to circumstances under which the collateral proceeding at issue provides the first opportunity for a prisoner to raise a claim of ineffective assistance of trial, not appellate, counsel. *Martinez*, at 1319-20.

Further, Ohio's Rule 26(B) application provides the first opportunity for a prisoner to raise a claim of ineffective assistance of appellate counsel. Petitioner could have raised his claim of ineffective assistance of trial counsel on direct appeal. Under these circumstances, *Martinez* does not apply, and Petitioner cannot establish cause for his procedural default.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of habeas corpus claim one, in which he asserts that he was denied a fair trial because the trial court improperly instructed the jury he had a duty to retreat in his own home and had to establish, by a preponderance of the evidence, that he had not violated this duty before he could raise the issue of self-defense. Referring, *e.g.,* to *State v. Thomas*, 77 Ohio St.3d 323 (1997)(holding that there is no duty to retreat from one's own home before resorting to lethal force against a cohabitant), Petitioner argues that the trial court's jury instruction plainly violated Ohio law and created a fundamental error warranting reversal of his convictions. Petitioner objects to the Magistrate's analysis of the effect of *Martinez v. Ryan*, 132 S.Ct. 1309 (2011) on this claim. Petitioner complains that the prosecutor magnified the error by emphasizing the erroneous jury instruction.

Additionally, Petitioner asserts that, had the trial court issued appropriate jury instructions, he would have been acquitted of the charges against him.

As discussed by the Magistrate Judge, Petitioner waived claim one for review in these proceedings because he did not raise this same issue on appeal to the Ohio Supreme Court. He cannot establish cause for this procedural default because his claim(s) of ineffective assistance of counsel likewise are procedurally defaulted. *Edwards v. Carpenter,* 529 U.S. 446, 451-52 (2000). Contrary to his allegations here, the record fails to reflect the error constitutes a fundamental miscarriage of justice warranting review of his otherwise procedurally defaulted claims.

Petitioner cannot obtain a merits review of his otherwise procedurally defaulted claims based on a fundamental miscarriage of justice, unless he "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial. *Souter v. Jones*, 395 F.3d 577, 580-90 (6th Cir. 2005)(quoting *Schlup*, 513 U.S. at 316. Petitioner must establish that new facts raise sufficient doubt of his guilt so as to "undermine confidence in the result of the trial." *Id*. (quoting Schlup at 317).

> To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones*, 395 F.3d at 580-90.

Petitioner has failed to establish that this case is one of those rare or extraordinary cases necessitating a merits review of his otherwise procedurally defaulted claims based on a fundamental miscarriage of justice. He brings forth no new evidence not presented at trial that establishes his actual innocence. Instead, he argues that he is entitled to relief in view of the trial court's erroneous jury instructions. *See Objection*, PageID#942-43. This argument is not well-taken.

Petitioner objects to the Magistrate Judge's recommendation of dismissal on the merits of a portion of his allegations in claim three, in which he asserts he was denied effective assistance of counsel because his attorney failed to advise him of his right to testify on his own behalf or of the consequences of failing to do so. Petitioner argues that it was imperative that he testify on his own behalf in order to establish his subjective state of mind at the time of the offense, and that his attorney performed in a constitutionally deficient manner by failing to advise him to testify on issue. Petitioner complains that *Hodge v. Haeberlin*, 579 F.3d. 627 (6th Cir. 2009), referred to by the Magistrate Judge, contradicts the law of the United States Supreme Court. Petitioner asserts that his attorney additionally performed in a constitutionally deficient manner by failing to advise him that his right to testify involves a fundamental constitutional right.

As discussed by the Magistrate Judge, Petitioner waived his claim of ineffective assistance of counsel based on his attorney's failure to advise him he had a fundamental right to testify on his own behalf:

> While petitioner does raise a portion of this claim in his post-conviction motion and appeal of the denial of that motion, he does not specifically argue in either that counsel was ineffective for failing to inform him that he had an absolute right to testify. Accordingly, this Court cannot address that portion of the claim on the merits, although it is unlikely that petitioner would have

4

> prevailed on that claim. *See Hodge v. Haeberlin*, 579 F.3d 627, 639-40 (6th Cir. 2009) ("Although the right to testify is a fundamental right subject only to knowing and intelligent waiver, 'waiver of certain fundamental rights can be presumed from a defendant's conduct alone, absent circumstances giving rise to a contrary inference.'") (quoting *United States v. Stover Id.*, at 589–90 (footnote omitted).

*Report and Recommendation*, at 38, ECF# 922. This Court need not further address Petitioner's arguments here.

As to Petitioner's claim that he was denied effective assistance of counsel because his attorney failed to advise him of the consequences of failing to testify on his own behalf and failing to call Petitioner as a witness on his own behalf, the record indicates the decision was a matter of trial strategy. The appellate court's decision denying this claim was not contrary to or an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence that was presented, as is required in order to obtain habeas corpus relief. 28 U.S.C. § 2254(d).

Finally, Petitioner objects to the Magistrate Judge's conclusion that claim six, in which he asserts he was denied a fair trial because the trial court failed to advise him he had a right to testify be dismissed as procedurally defaulted since he failed to raise the claim on direct appeal. Petitioner raises the same arguments here that he did previously in this respect. For the reasons previously discussed, and for the reasons set forth in the Magistrate Judge's *Report and Recommendation*, this Court does not agree.

...

...

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's *Objections,* ECF# 20, are **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**